█ FERDINANDO ACERRA, Also Known as FRED ACERRA, Respondent, v. CATHERINE TRIPPARDELLA et al., Appellants.— Judgment entered March 4, 1969 for plaintiff-respondent against defendants-appellants reversed, on the law, and in the interests of justice, and the case remanded for a new trial, with costs to abide the event. The court's charge, though based on New York Pattern Jury Instructions, was erroneous in its instruction to the jury that, to bar plaintiff's recovery, contributory negligence must be a "substantial factor" in producing the injury. (*Maggio* v. *Mid-Hudson Chevrolet,* 34 A D 2d 567; *Bacon* v. *Celeste,* 30 A D 2d 324.) The concededly useful pattern instructions, no matter how eminent their authors, do not take precedence over decisional law. To apply as a parallel what has been said of Restatements of the Law, pattern instructions are to be rated as "well known and highly respected *secondary* authority" (57 Northwestern L. Rev., 536, 541) and "very persuasive *secondary* authority" (p. 542; italics supplied), but only that. Decisional law is primary authority, and the principles expounded in *Bacon* and *Maggio* must therefore be accorded appropriate weight. The difficulty with the charge as given is that, apparently, no attention was given to the comment on "slightest degree," which is to be found with PJI 2:35, nor the careful explanation of "substantial factor" to be found, per EAGER, J., in *Bacon* v. *Celeste* (*supra,* p. 325).* Even the dissent is apparently uncertain that the charge as given was correct, for reliance is placed primarily on failure to except, thereby causing the faulty instruction to become the law of the case. Specific exception was not taken to the erroneous instruction when given, but, when the jury returned for further instruction, the court's attention was adverted to the error by a request — true, in slightly garbled termi-

---

* It is observed that, subsequent to this trial and following publication of *Bacon* v. *Celeste* (*supra*) PJI has been amended by pocket-part supplement to provide a clearer pattern instruction. It is heartening, in any event, to read its accompanying caveat that "the better practice  *  *  * is to charge in terms of the fact situation of the particular case rather than abstract principles". This problem will always be with us as long as Judges use "boiler plate" in their charges in substitution for education of the jury in language immediate to what has been heard from the witnesses.

nology, but still sufficient — to charge "that if the jury find the slightest negligence on the part of either the plaintiff and/or on the part of the defendant, their verdict must be for the defendant." This was refused, and exception promptly taken. Had the proper instruction been given at this point, the verdict could not have been faulted. In the peculiar circumstances of this case, the instruction given precluded fair consideration by the jury of contributory negligence. The question to be weighed by the jury was whether plaintiff, in descending to that side of his car which was open to vehicular traffic, in order to clear his windshield during a severe storm, had contributed to his injury by negligently placing himself in a dangerous position. The instruction did not truly inform the jury of the applicable principles. The interests of justice require a new trial with a proper instruction. Concur — Stevens, P. J., Eager and Markewich, JJ.; McGivern and Nunez, JJ., dissent in the following memoranda: Nunez, J.: I dissent and vote to affirm. The charge taken as a whole was eminently fair. The court charged: "If you find in this case that the plaintiff failed to exercise that degree of care for his own safety that a reasonably prudent person would have exercised under the same circumstances, your finding would be that the plaintiff was negligent. If you find that the plaintiff was negligent, that his negligence was a substantial factor in producing his injury, your verdict would be for the defendant, even though you find that the defendant was also negligent. If you find that the plaintiff was not negligent or that though he was his negligence was not a substantial factor in producing his injury and you further find that the defendant was negligent and that her negligence was a substantial factor in causing the plaintiff's injury, your verdict would be for the plaintiff. * * * If you find on the other hand that the plaintiff failed to exercise reasonable care in stopping where he did in getting out to clean his windshield and if you find that stopping the vehicle where he did and behaving as he did was a proximate cause of his injury, then the plaintiff was guilty of contributory negligence and may not recover." Defendants acknowledge that no exception was taken to this portion of the charge. Referring to the "substantial factor" instruction defendants state: "This charge was unnoticed by defense counsel so he failed to take an exception to same". It should be noted that the jury was instructed that liability could be imposed upon the defendant operator of the automobile only if the jury found that "her negligence was a substantial factor in causing the plaintiff's injury". The Judge in using the term "substantial factor" followed the Pattern Jury Instructions prepared by a Committee of the Association of Supreme Court Justices. (See PJI 2:35, 2:70.) Included among its members are distinguished Trial Justices, law professors, Appellate Division Judges and a Law School Dean. The instructions were prepared with the co-operation of the Judicial Conference at the suggestion of the then New York State Chief Judge DESMOND who contributed a foreword to the book. In *Bacon* v. *Celeste* (30 A D 2d 324 [1st Dept.]) and *Maggio* v. *Mid-Hudson Chevrolet* (34 A D 2d 567 [2d Dept.]) exception was taken to the charge thus preserving same for appeal. In the case at bar the instructions as given became the law of the case not subject to review. (*Brown* v. *Du Frey*, 1 N Y 2d 190, 195; *Ranftle* v. *City Athletic Club*, 20 A D 2d 716; *Chapman* v. *Thirty-Ninth St. Realty Corp.*, 26 A D 2d 806.) In a footnote to its memorandum, the majority suggest that subsequent to the trial of this case the PJI "substantial factor" instruction has been amended. In its 1969 Supplement (pp. 31–32) the following charge is suggested: "The law does not permit you to weigh the degree of fault of plaintiff and defendant but requires that if you find that plaintiff was guilty of any negligence which was a *substantial factor* in pro-

ducing his injury, your verdict be for the defendant, even though you find that defendant was also negligent. A negligent act is a *substantial factor* in producing an injury if it has such an effect in bringing about the injury that reasonable men would regard it as a cause of the injury. If you find that plaintiff was not negligent, or that though he was, his negligence was not a *substantial factor* in producing his injury, and you further find that defendant was guilty of any negligence which was a *substantial factor* in causing plaintiff's injuries, your verdict will be for plaintiff." (Italics supplied.) Its accompanying caveat reads as follows (p. 32) : " (As to the use of the term 'substantial factor' to define proximate cause, see PJI 2:70.) While such a charge, it is believed, meets the requirements of the Ortiz and Bacon cases, it should be noted that the better practice * * * is to charge in terms of the fact situation of the particular case rather than in abstract principles". It would appear therefore that the "substantial factor" rule has been re-examined with the benefit of experience and decided cases and strongly reaffirmed. McGIVERN, J., concurs in the dissent in the following memorandum: I am inclined to agree with the dissenting opinion. In a day of crowded calendars, involving a simple case, I would not order a new trial because the Trial Judge did not add the word "slightest" to his charge. Actually, the Trial Judge in *Ortiz* v. *Kinoshita & Co.* (30 A D 2d 334) said "'Negligence, however *slight*' on the part of the plaintiff, will be sufficient to bar recovery, providing it is substantial" — and he was reversed. The same fate befell the learned Trial Judge in *Maggio* v. *Mid-Hudson Chevrolet* (34 A D 2d 567). And, furthermore, negligence "in the slightest degree" has been omitted from the 1969 Supplement of the N. Y. Pattern Jury Instructions referred to favorably by the majority. In its place has been suggested "any negligence which was a substantial factor". But, according to the majority, I do fear, any Trial Judge using these words will also have bestowed upon his benighted brow the ineffable benisons of this court's superior wisdom. I also share the reluctance of Mr. Justice NUNEZ to fault a conscientious Trial Judge for respecting the suggestions of the massive-minded jurists who evolved the Pattern Jury Instructions under the aegis of the Judicial Conference. Particularly is this so where, as here, the Trial Justice did *not* limit himself to a " boiler plate " charge covering "abstract principles", but in fact, as Justice NUNEZ has noted, framed his charge with reference to the particular factual circumstance before the court and in terms which could clearly be understood by the jury. And I am of the impression we have advanced beyond the day when the failure to invoke the word "abracadabra" necessitates a new trial. "The law has outgrown its primitive stage of formalism when the precise word was the sovereign talisman, and every slip was fatal. It takes a broader view today". (*Wood* v. *Duff-Gordon*, 222 N. Y. 88, 91.) The true test is whether or not the jury was fairly informed of the applicable principles. That I think was done here, and that is sufficient for a fair trial.