OPINION OF THE COURT
Morton M. Z. Lynn, J.
The plaintiff brings this small claims proceeding to recover rent she paid to the defendant for an apartment she never occupied. The action appears to be one in contract for a liquidated sum of money. It would seem that if the defendant did not appear on the return date, the plaintiff should be entitled to recover a default judgment.
In fact, all transactions between the plaintiff and the defendant were through the defendant’s brother, Daniel Potter, who is the defendant’s agent in the handling of the rental of his apartment. Daniel, who is not a lawyer but did have complete knowledge of the facts and authority concerning the action, did appear in court on the return date. It becomes important, therefore, to determine whether or not a nonlawyer may, in the discretion of the court, appear and act as an attorney would for an individual defendant in a small claims proceeding. This question has long troubled judges who preside over Small Claims Courts. Very often a spouse who knows all about the incident will endeavor to represent the other spouse who is at work; a child will seek to represent an elderly parent; a bookkeeper will wish to represent a small business. Judges have followed various practices: some insist that a litigant appear in person; some feel that the amounts involved are too small to justify the expense of counsel and to require the appearance of one admitted to the bar would be a denial of justice.
*780 Prior to September 1, 1976, corporations were required to appear by attorneys, but at that time the law was changed to allow a restricted class of corporate officers or shareholders to appear. In 1984, the restriction was greatly relaxed. (See, UCCA 1809, as amended by L 1984, ch 157.) In effect and for practical purposes it would seem that the 1984 amendment has let down the bars and in general allows corporations to appear in defense of small claims matters without restriction. It would seem that the court must have some discretion in individual cases to prevent abuses by virtue of its inherent power to control proceedings before itself. This result is a salutary one for it is, of course, a truism that many small claims are of such relative unimportance to a defendant that to require it to pay for counsel would in effect deny it the right to defend itself.
Quaere: Does this mean that a defendant which is not a corporation may now appear by a nonlawyer to defend a small claim proceeding? It would seem that the answer must be in the affirmative.
There is a constitutional guarantee known to almost all with even a smattering of understanding of our legal system that all persons are entitled to equal protection of the law.
In Uberman v Lasner (55 Misc 2d 1027) the court refused to hold that “wealthy” tenants were not entitled to the protection of rent control laws. While there is authority for classification on a reasonable basis (see, Derman v Ingraham, 47 Misc 2d 346), there is no reasonable basis for holding that a wealthy corporation need not pay a lawyer to avoid a default, whereas a poor individual must pay a lawyer to do so.
If there is to be equal protection, all persons similarly situated must be treated alike. (Barbier v Connolly, 113 US 27.)
Whatever statutory enactment there may have been denying the right to appear by an agent not duly admitted to practice, at least so far as a small claim proceeding is concerned, or whatever judicial opinion resulting in common law to that same effect, it would seem to be irreconcilable with Laws of 1984 (ch 157) and, therefore, superseded by it. (Matter of Murray Hill Bank, 153 NY 199, 210.)
Further power for the Small Claims Court to allow a non-lawyer to appear may be found in UCCA 1802 providing in part: “Such practice, procedure and forms shall differ from the practice, procedure and forms used in the court for other than small claims, notwithstanding any provision of law to the contrary. They shall constitute a simple, informal and inexpensive proce *781 dure for the prompt determination of such claims in accordance with the rules and principles of substantive law.”
While it is not necessary for this decision, it might be wisdom to note that since it is here held that any defendant may appear in a small claims proceeding by a nonlawyer, so may a plaintiff, since equal protection must apply to all parties to the proceeding. This will not open the doors to suits by corporations since UCCA 1809 will still bar their suits and a classification as to who may be a plaintiff is a reasonable one. (See, Derman v Ingraham, supra.)
In an excellent article on Small Claims Courts appearing in 38 Albany Law Review 196, 204 it has been said:
“The reasons underlying the enactment of this provision are quite clear. Small claims courts have often been transformed into collection agencies for business concerns and only by barring corporate and assignee plaintiffs and by refusing to establish small claims attachment and garnishment powers is it possible to dampen the zeal of businessmen in bringing small claims actions. Telephone and gas companies, when not precluded, are notorious in their role as small claims plaintiffs.
“These business concerns consider the use of small claims procedure to be an attractive alternative to selling the claim to a collection agency or prosecuting the defendant through the slow and costly mechanisms of the regular part of the court. Once the agent of the business-plaintiff becomes educated in small claims procedure, he gains confidence in himself, acquires familiarity and credibility with the court, and assumes a distinct advantage over the unrepresented, often poor and uneducated, defendant.”
Should other businesses seek to take undue advantage of this ruling — either as a plaintiff or a defendant — UCCA 1810 would seem to provide the court with a sufficient weapon to defend the purposes for which Small Claims Courts exist and sufficient authority to exercise discretion to bar a particular appearance in a particular case.
Having determined that the appearance of this defendant by his manager is proper, there is no default and the plaintiff’s evidence must be examined. On such examination it appears to be a simple situation in which the plaintiff entered into a renting contract and then changed her mind. There is no legal basis upon which this court can find a breach of contract by the defendant and the claim must be dismissed.