OPINION OF THE COURT
Memorandum.
Judgment affirmed without costs.
Plaintiff brought this small claims action to recover $466, which she claimed she lost as a result of the defendant’s *984 negligence. It was plaintiffs contention that the money was removed from her handbag while she was in defendant’s bank. The court dismissed the action and plaintiff has appealed, claiming that the actions of the court deprived her of substantial justice, that the bank was negligent and that the negligence was the proximate cause of her loss.
Contrary to plaintiffs contention, a review of the record discloses that the court below did attempt to elicit the essential facts. As to plaintiffs claim that the court refused to permit cross-examination of defendant, it is sufficient to note that no witnesses testified on behalf of defendant.
Although the court did not permit plaintiffs son-in-law to represent her, we find no error since plaintiffs son-in-law is not an attorney. We cannot agree with the conclusion in Newsome v Potter (128 Misc 2d 779) that representation by a nonattorney is permissible in a small claims action. If that were the case, it would have been unnecessary to add section 1815 to the CCA, UDCA, UCCA and UJCA permitting representation by a nonattorney in certain instances (L 1990, ch 88). Inasmuch as the trial took place over a year before the effective date of section 1815, the court below did not err in refusing to permit plaintiffs son-in-law to represent her.
We are also of the opinion that the court properly dismissed the action since plaintiff failed to prove how her loss was occasioned, and her claim that she was pickpocketed is not supported by the evidence.
Monteleone, J. R, Pizzuto and Santucci, JJ., concur.