OPINION OF THE COURT
Matthew J. Vitanza, J.
The plaintiff seeks the return of her security deposit placed *388 on an apartment at 53 Kneeland Avenue, Binghamton, New York in the amount of $450. On March 12, 1988, the security deposit of $450 was paid to the defendant. The receipt was signed as follows: "Ellen C. Correll (IB)”. Apparently, "IB” stands for Ian Bobb who owns the property with Arlen Bobb. In this same action, defendant submits a counterclaim against plaintiff in the amount of $769.72 for damages to the apartment, the garage, and foundation. Defendant signs the counterclaim as follows: "Ellen C. Correll, Mgr. of property located at 53 Kneeland Ave., Binghamton N.Y., 13905.” Defendant also submits a fax of a power of attorney from Ian A. Bobb and Arlen G. Bobb to Ellen Correll to act "in any matters pertaining to property located at 53 Kneeland Avenue, Binghamton, New York including this matter to be heard in Small Claims Court.” Ian A. Bobb and Arlen G. Bobb reside in San Jose, California. The defendant has never owned the real property and has always held herself out as agent for the landlords.
Before the merits of the claim and counterclaim may be considered, the court must first address three jurisdictional questions. One question is whether the named defendant, Ellen Correll, is the proper defendant. Another question is whether the court has jurisdiction if the landlords, who reside in California, are the proper defendants. The final question is whether the power of attorney enables Ellen Correll to represent the landlords.
It is uncontroverted that Ms. Correll, the defendant, is not the landlord. Since Ms. Correll disclosed her agency relationship and Ian Bobb and Arlen Bobb (landlords) were identified as the sole principals, Ms. Correll has no liability under the rental arrangement. (McClure v Central Trust Co., 165 NY 108 [1900]; Argersinger v Macnaughton, 114 NY 535 [1889]; Memorial Hosp. v Baumann, 100 AD2d 701 [3d Dept 1984].) The true defendants are the actual landlords, Ian Bobb and Arlen Bobb.
The jurisdiction of the Small Claims Part extends to a defendant who "either resides, or has an office for the transaction of business or a regular employment, within * * * the county”. (UCCA 1801.) Each of the landlords, Ian Bobb and Arlen Bobb, neither resides nor has regular employment in this county. The issue becomes whether either landlord has an office for the transaction of business.
From the evidence presented it appears that Ms. Correll *389 is an independent contractor and not an employee of the landlords, Ian and Arlen Bobb. Merely having an independent contractor as the rental agent is insufficient to create or establish an office in this county for the nonresident landlord. Based on the evidence, it cannot be held that either of the landlords has an office in this county for the transaction of business. Therefore, the court lacks jurisdiction over Ian Bobb and Arlen G. Bobb so as to enable plaintiff to prosecute her claim.
Thus a gap appears in the statute in that the out of county landlords may sue their resident tenant in the Small Claims Part but the resident tenant is denied the ability to sue his/ her out of area landlord whose physical contacts with this county are minimal. It is hoped that the New York Legislature will amend the statute to correct this imbalance.
The counterclaim in this case involves damages to real property in which Ellen Correll (the named defendant) has no ownership. Ellen Correll has no personal claim against plaintiff. However, since Ellen Correll is the agent of the real property owners, Ian and Arlen Bobb, she may file a small claims action on behalf of the owners and against the plaintiff. (Uniform Rules for Trial Cts [22 NYCRR] § 210.41 [a].) However, Ellen Correll may not represent the owners in this claim. A nonattorney — even a nonattorney with a power of attorney — is not permitted to represent noncorporate persons in Small Claims Part of this court. (Stokes v Village of Wurtsboro, 123 Misc 2d 694 [Sup Ct, Sullivan County 1984]; Urgo v Jamaica Sav. Bank, 150 Misc 2d 983 [App Term, 2d Dept 1991].) Ellen Correll may appear as a witness but she cannot represent Ian Bobb and Arlen Bobb, the proper parties, who are absent from this litigation. Ian Bobb and Arlen Bobb may represent themselves either by appearing in person or by an attorney-at-law. The exceptions for corporate defendants (UCCA 1809) and disabled parties (UCCA 1815) do not apply in this case.
The court dismisses, without prejudice, both the claim of plaintiff and the counterclaim against the plaintiff.