OPINION OF THE COURT
Joseph E. Damrath, J.
*710 The plaintiff brings this small claims action alleging damage to his property as the result of roof material flying off of an adjacent building owned by the defendants. The defendants have moved for an order dismissing this action on the ground that the court does not have jurisdiction pursuant to UCCA 1801. That section provides that a defendant must either reside, have an office for the transaction of business, or regular employment in the county. The defendants are out-of-State residents and allege that although they own real estate in the City of Geneva, they do not have an office in Geneva or Ontario County, nor do they have employees. Although they have a managing agent, that agent is- merely an independent contractor.
On its face, defendant’s argument seems compelling and is supported by Solomon v Correll (157 Misc 2d 387 [Binghamton City Ct 1993]). In that case, a tenant brought a small claims action seeking return of her security deposit against the agent of her out-of-State landlords. The court ruled that the agent was not a proper party, and further that it lacked jurisdiction over the out-of-State landlords. According to the court, having an independent contractor as a rental agent is insufficient to create or establish an office in the county for jurisdictional purposes under UCCA 1801. (Solomon v Correll, supra, at 389.)
Moreover, the court noted an apparent "gap” in the statute, inasmuch as out-of-county landlords may sue their resident tenants in the Small Claims Part, but the resident tenant may not sue his or her out-of-county landlord. The court thereafter calls upon the New York State Legislature to amend the statute and correct the "imbalance.” (Solomon v Correll, supra, at 389.)
This court agrees with Solomon (supra) that the court lacks jurisdiction over the defendants in the Small Claims Part. As in Solomon, if the roles were reversed, and the out-of-county defendant was bringing an action against the resident plaintiff, the court would have small claims jurisdiction. However, the solution to the "gap” or "imbalance” lies within the Uniform City Court Act itself. UCCA 1805 (b) provides as follows: "[t]he court shall have power to transfer any small claim or claims to any other part of the court upon such terms as the rules may provide, and proceed to hear the same according to the usual practice and procedure applicable to other parts of the court.”
Jurisdiction in the Civil Part of City Court is governed by UCCA 213 which provides in part that either a plaintiff or de *711 fendant must be a resident of the city or the town contiguous to such city. Moreover, UCCA 212 provides that "In the exercise of its jurisdiction the court shall have all of the powers that the supreme court would have in like actions and proceedings.” Accordingly, City Court even has long-arm jurisdiction, if any of the elements of CPLR 302 are satisfied. In the case at bar, although the defendants may not have an office for the transaction of business within the county, they are certainly transacting business within the county. (See, CPLR 302 [a] [1].)
Thus, the solution to the inequity is for this court to transfer this matter from the Small Claims Part to the Civil Part, pursuant to UCCA 1805 (b). Since the plaintiff is a resident of the City of Geneva, this court has jurisdiction pursuant to UCCA 213, and personal jurisdiction over the defendants, pursuant to UCCA 212.
By reason of the aforesaid, defendants’ motion to dismiss is denied, and this case is transferred to the Civil Part of the court.