Bogom-Shanon v Altman (2024 NY Slip Op 24323)

[*1]

Bogom-Shanon v Altman

2024 NY Slip Op 24323

Decided on December 23, 2024

Civil Court Of The City Of New York, New York County

Zellan, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on December 23, 2024
Civil Court of the City of New York, New York County

Eli Bogom-Shanon, Claimant(s)

against
Joseph A Altman, Defendant(s)

Index No. SC-001733-23/NY

Eli Bogom-Shanon, self-represented claimant
Joseph A. Altman, P.C. (Joseph A. Altman, of counsel), of Fleetwood, NY, for defendant

Jeffrey S. Zellan, J.

Recitation, as required by CPLR 2219(a), of the papers considered in the review of this motion:
Papers Numbered
Order to show Cause/ Notice of Motion and
Affidavits /Affirmations annexed 1
Answering Affidavits/ Affirmations 2
Reply Affidavits/ Affirmations 3
Memoranda of Law
Other
This action having appeared on the calendar for defendant's motion to dismiss and for trial, the Court heard oral argument from the parties, held the motion in abeyance, and proceeded to trial. After considering the parties' papers and argument, defendant's motion to dismiss this small claims action for lack of jurisdiction pursuant to CPLR 3211(a)(2) and (8) is denied for the reasons set forth below, and the Court will rule on the trial separately.
At the outset, the Court notes the strong disfavor for pre-trial motions to dismiss small claims actions, as "[t]he informality and convenience of small claims practice is necessarily frustrated by requiring pro se litigants to respond to formal motion practice under the CPLR prior to the hearing of their case." Polanco v. City of New York, 81 Misc 3d 138(A), *1 (App. Term, 1st Dept. 2023), quoting, Friedman v. Seward Park Hous. Corp., 167 Misc 2d 57, 58 (App. Term, 1st Dept. 1995). Exceptions exist for clear issues of law however, and "[d]efendant's motion to dismiss for lack of jurisdiction is such a motion that may be considered." See, Ivanov v. O'Connor, 84 Misc 3d 1202(A), *2 (Civ. Ct., New York Co. Sept. 28, 2024). As defendant seeks dismissal for lack of both personal and subject matter jurisdiction, the Court addresses those objections in turn.
Small Claims Court Jurisdiction
Small claims cases "are heard in dedicated parts of four of New York's limited jurisdiction trial courts: the New York City Civil Court, the District Courts of Long Island, the [*2]City Courts elsewhere in the State, and the Town and Village Courts, also known as Justice Courts," which are governed by the New York City Civil Court Act (CCA), the Uniform District Court Act (UDCA), the Uniform City Court Act (UCCA), and the Uniform Justice Court Act (UJCA), respectively. See, Gerald Lebovits et al., Small Claims Manual (6th ed. 2022), at 1, 7. In each different local court act, service (personal jurisdiction) issues are addressed in their respective sections 1803, while subject matter jurisdiction is defined by the local court's respective section 1801.
Claimant Has Established Personal Jurisdiction Over Defendant
As to personal jurisdiction, the Court notes that personal jurisdiction in small claims is derived from the simplified service procedures outlined in CCA § 1803(a) rather than CPLR Art. 3. See, Sanchez v. El Flaco Parking Lot, Index No. SC-615-23/BX, 2023 NY Misc. LEXIS 27120, *3 (Civ. Ct., Bronx Co. Dec. 20, 2023) (collecting authorities). CCA § 1803(a) states in pertinent part that a small claims action may be commenced by sending notice of "such claim by ordinary first class mail and certified mail with return receipt requested to the party complained against (1) at his residence, if he resides within the city of New York, and his residence is known to the claimant, (2) at his office or place of regular employment within the city of New York if he does not reside therein or his residence within the city of New York is not known to the claimant, or (3) where claimant is or was a tenant or lessee of real property owned by the defendant and the claim relates to such tenancy or lease and the notice of claim cannot be sent under paragraph one or two of this subdivision, at any place in the state where plaintiff may mail or otherwise deliver rent." (italics added).
There is no dispute in the record that defendant does not reside or maintain an office within the City of New York and thus, service pursuant to subsections (1) and (2) were not available. On the other hand, there is also no dispute that "claimant is or was a tenant or lessee of real property owned by the defendant and the claim relates to such tenancy or lease." Further, defendant's address in Fleetwood, NY to which the statement of claim was directed — which the Court notes is the same business address defendant lists in filing this motion — is a "place in the state where plaintiff may mail or otherwise deliver rent," pursuant to CCA § 1803(a). 
Service to such an address is undisputably permissible where, as here, defendant himself affirmatively stated to the Court (in seeking an adjournment) that he neither lives in nor maintains an office within the confines of the City of New York. (Aff. of Unavailability dated Jan. 5, 2024, ¶ 3). As service of the small claims notice is presumed to have been completed 21 days after mailing by the clerk and, absent other evidence that service was not completed (which has not been shown), the Court has personal jurisdiction over defendant pursuant to CCA § 1803(a). See, Sheikh v. Bohtis, 68 Misc 3d 1223(A), *4-5 (Civ. Cit., Kings Co. 2020) (discussing small claims service by mail in denying motion to vacate default). Accordingly, the Court denies the branch of defendant's motion challenging personal jurisdiction.
Claimant Has Established Subject Matter Jurisdiction Over Defendant
Turning to subject matter jurisdiction, the question is a bit more complicated, although the result is the same. CCA § 1801 provides for subject matter jurisdiction over "small claims," brought before the Court. Small claims are defined to include any action commenced by an aggrieved party "where claimant is a tenant or lessee of real property owned by the defendant and the claim relates to such tenancy or lease, and such real property is situated within the city of New York." Notably, unlike in CCA § 1803, CCA § 1801 omits the words "or was." It is upon that omission that defendant bases his lack-of-subject-matter-jurisdiction defense as the parties [*3]do not dispute that claimant has vacated the premises at issue and thus "was," not "is," a tenant. (Aff. of Unavailability, ¶ 4; Aff. in Supp., ¶ 6; and Aff. in Reply, ¶ 9). On its face, therefore, CCA § 1801 would appear not to confer jurisdiction over this action, as the parties do not dispute that claimant has vacated the premises at issue. (Aff. in Opp., ¶¶ 7-8). Although that would appear to end the question, it does not.
In opposition, claimant cites (at ¶¶ 10-11 of his opposition), among other authorities, the Court's own handbook for small claims litigants, which states that "[i]f the defendant . . . owns property you are/were renting (and your claim is related to your tenancy or lease) in New York City, you can use the Small Claims Court [in the] County where the defendant owns property you are/were renting (and your claim is related to your tenancy or lease)." N.Y.S. Unif. Ct. Sys., Your Guide to Small Claims & Commercial Small Claims in New York City, Nassau County, and Suffolk County (Aug. 24, 2022 ed.), at 10.[FN1]
Additionally, claimant asserts that "the legislative history of Section 1801 of New York's Small Claims Act," supports jurisdiction. (Aff. in Opp., ¶ 11). The Court agrees. Indeed. the overwhelming legislative history indicates that the Legislature intended for CCA 1801 to apply to former and current tenants (see 2021 NY AB 297 [NS], 2021 New York Assembly Bill No. 297, New York Two Hundred Forty-Fourth Legislative Session). 
Legislative Intent of the 2021 Small Claims Act Amendments
The First Department has been clear that in interpreting statutes, "the spirit and purpose of the act and the objects to be accomplished must be considered and given effect, and the literal meanings of words are not to be adhered to or suffered to defeat the general purpose and manifest policy intended to be promoted." Turner v. Dept. of Fin., 242 AD2d 146, 147 (1st Dept. 1988). See also, People v. Vespucci, 144 AD2d 48, 55 (2d Dept 1988) (director of the Organized Crime Task Force could apply for eavesdropping warrants because "literal construction" of a statute is inappropriate when it "circumscribes its application," and "fails to meaningfully incorporate as guiding criteria the policy objectives sought to be achieved by Congress in utilizing the statutory term" (citations omitted)], affd., 75 NY2d 434 (1990), cert denied, sub nom. Corrigan v. New York, 498 U.S. 814 (1990); and King v. Burwell, 576 U.S. 473, 493 (2015) (cautioning that courts should not interpret "statutes to negate their own stated purposes" in interpreting the Patient Protection and Affordable Care Act), quoting, New York State Dept. of Social Servs. v. Dublino, 413 U.S. 405, 419-20 (1973). 
Even where statutory language has been questioned as potentially "ambiguous or inartful," courts have noted where "clear legislative intent would disfavor" a litigant's argument in rejecting the literal construction defendant urges here. Isaly v. Garde, 83 Misc 3d 379, 389 (Sup. Ct., New York Co. Feb. 13, 2024) (citing Vespucci, Turner, and King), as amended, 2024 NY Slip Op 30877(U) (Sup. Ct., New York Co. Mar. 18, 2024), interim stay pending app. denied, Case No. 2024-02593, slip op., at 2 (1st Dept. Jun. 5, 2024) (Kern, J., in chambers), stay denied, 2024 NY Slip Op 71498(U) (1st Dept. Jul. 25, 2024). The Court also notes that "New York has committed itself to a full exploitation of jurisdiction" in taking an expansive view of [*4]jurisdiction in the past, which further supports interpreting this statutory conundrum. Ivanov, at *2 (quotation and citation omitted). 
In 1993, the Binghamton City Court noted what it called "a gap . . . in the statute," in small claims jurisdiction across the state (governed here by CCA §§ 1801 and 1803), creating a situation where "out of county landlords may sue their resident tenant in the Small Claims Part but the resident tenant is denied the ability to sue his/her out of area landlord whose physical contacts with this county are minimal," and adding that "[i]t is hoped that the New York Legislature will amend the statute to correct this imbalance." Solomon v. Correll, 157 Misc 2d 387, 389 (Binghamton City Ct. 1993). See also, Valentino v. Principio, 174 Misc 2d 709, 710 (Geneva City Ct. 1997) (citing Solomon and repeating call for legislative action). Commentators and legislators noted the issue as well. See, e.g., Small Claims Manual, at 22-23 n. 71 (citing Solomon and Valentino); Joseph Latwin, Security Deposits, Small Claims, and Gophers, 47 Westchester B.J. 15, 15-16 (2022); and Sponsoring Mem. of Assemblymember Richard Gottfried, 2021 NY Laws ch. 485. 
In response, the Legislature passed, and the Governor signed, 2021 A.B. 297 (chaptered as 2021 NY Laws ch. 485), entitled "An Act to Amend the Uniform City Court Act, the Uniform District Court Act, the Uniform Justice Court Act and the New York City Civil Court Act, in Relation to Obtaining Jurisdiction Over Certain Defendants." As Assemblymember Gottfried noted in his sponsoring memorandum, the purpose of Chapter 485 was to establish "small claims court jurisdiction when the claimant is or was a tenant or lessee, the defendant is the property owner, the claim relates to such tenancy or lease, and the property is located within the county," and specifically to alleviate "an unfair burden on the tenant in terms of the return of their security deposit or other claims," in express response to Solomon. Sponsoring Mem., supra. (italics added). Thus, on Oct. 22, 2021, the Legislature passed an act to amend the sections 1801 and 1803 of all four small claims acts for the express purpose of obtaining jurisdiction over landlords in real property actions who may reside and maintain an office outside the respective jurisdiction. 
To that end, Chapter 485 identically amended all four sections 1803 to address service where "claimant is or was a tenant or lessee of real property owned by the defendant and the claim relates to such tenancy or lease." See, UDCA § 1803, UCCA § 1803, UJCA § 1803, and CCA § 1803. However, while UDCA § 1801, UCCA § 1801, and UJCA § 1801 were also all identically amended to confer jurisdiction "where the claimant is or was a tenant or lessee of real property owned by the defendant and the claim relates to such tenancy or lease," (italics added), Chapter 485 § 7 amends CCA § 1801 differently, conferring jurisdiction "where claimant is a tenant or lessee of real property owned by the defendant and the claim relates to such tenancy or lease." Simply put, the drafters omitted the 'or was' language in amending CCA § 1801 that they included in amending CCA § 1803 as well as sections 1801 and 1803 in their respective UDCA, UCCA, and UJCA counterparts. 
It is virtually inconceivable that the Legislature intended to provide personal jurisdiction to a claimant that is or was a tenant under all four sections 1803, and subject matter jurisdiction to a claimant that is or was a tenant under three of the four sections 1801 (the UDCA, UCCA, and UJCA), but intentionally did not want to extend subject matter jurisdiction to a claimant that was a tenant under 1801 of the CCA. An intended omission of that magnitude and significance would assuredly have been reflected in some type of legislative history, and there is none. Rather, in every way, shape, and form, it is manifestly apparent that [*5]the Legislature intended to confer jurisdiction over the claim at issue here upon the Court, to correct what the Legislature noted was an "unfair burden on the tenant in terms of the return of their security deposit." (Sponsoring Mem., supra.). Especially where the Legislature did amend CCA § 1803 to provide for service of small claims by former tenants in the manner alleged here, the Legislature's amendment of CCA § 1801 omitting two (admittedly important) words is clearly little more than a "legislative scrivener's error," which may be interpreted away "to avoid the absurd result of dismantling the [Legislature's] carefully crafted statutory scheme." CVAS 2, LLC v. City of Fredericksburg, 289 Va. 100, 118 n. 6 (Va. 2015). See also, Michael S. Fried, A Theory of Scrivener's Error, 52 Rutgers L. Rev. 589, 593-594 and 598 (2000) (quoting prior authority defining "scrivener's error as a situation where, on the very face of the statute it is clear to the reader that a mistake of expression (rather than of legislative wisdom) has been made," and noting that "[b]y an overwhelming majority . . . courts tend to favor the pragmatic resolution of cases in keeping with common sense and the obvious intent of the legislature to a narrowly literal application of statutes in cases of scrivener's error") (quotations omitted). The Court's own statutorily-required small claims handbook looks past the error in favoring jurisdiction.[FN2]
Your Guide to Small Claims & Commercial Small Claims in New York City, Nassau County, and Suffolk County, supra. Rather, as the Second Department has noted (and the Court of Appeals affirmed), the Court should look away from "literal construction" here that "fails to meaningfully incorporate as guiding criteria the policy objectives sought to be achieved," by the Legislature in widening the courthouse door to former tenants. Vespucci, supra.
The Court will do so here as well, especially as there is no evidence of actual prejudice to a defendant taking full avail of New York County — a frequently appearing attorney who is well-known and well-regarded in the same courthouse in which the Court sits in addition to being a landlord in this county — in appearing in New York County as a litigant. See, e.g., Brian Krist, Enjoying the Meal, and Walking Out on the Check: The Implications of Limiting Jurisdiction to Subpoena Following Daimler, Richmond Co. Bar Assn. J., Spring 2019, at 25 (discussing lack of prejudice as a factor in considering jurisdiction). The Legislature has spoken and, following the Appellate Divisions in Isaly, Vespucci, and Turner and informed by the United States Supreme Court in King and Dublino, the Court will read the unmistakable intent of the Legislature into the text and finds that claimant has established subject matter jurisdiction over this action. 
Accordingly, it is
ORDERED that defendant's motion to dismiss this action is denied.
This constitutes the Decision and Order of the Court.
Date: December 23, 2024
Hon. Jeffrey S. Zellan, J.C.C.

Footnotes

Footnote 1: Available at https://nycourts.gov/COURTS/nyc/smallclaims/pdfs/smallclaims.pdf (last accessed Nov. 27, 2024).

Footnote 2: Although defendant is correct (at paragraph 4 of his reply) that "a [h]andbook is not supporting case law," a court-generated handbook remains persuasive authority. See, Acerra v. Trippardella, 34 AD2d 927, 927 (1st Dept. 1970) (quoting other authority in finding pattern jury instructions were "very persuasive secondary authority"); and Drury v. United States Tr. (In re Drury), Dkt. No. CC-15-1441, 2016 Bankr. LEXIS 3104, *13 (9th Cir. BAP Aug. 23, 2016) (collecting cases in finding that agency handbook was persuasive authority in interpreting tax standards).